IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATACHE RINEGARD-GUIRMA,

        Plaintiff,

    v.

OCWEN LOAN SERVICING, LLC,

        Defendant.

No. 3:16-cv-01036-HZ

OPINION & ORDER

Natache Rinegard-Guirma
5731 NE 10th Avenue
Portland, OR 97211

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Natache Rinegard-Guirma brings this action against Defendant Ocwen Loan Servicing, LLC. Plaintiff moves to proceed *in forma pauperis*. The Court grants the motion. However, for the reasons explained below, the Court dismisses the complaint. In addition, Plaintiff moves for a restraining order and preliminary injunction. Because the Court dismisses the complaint, Plaintiff's motions are moot.

1- OPINION & ORDER

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

DISCUSSION

Plaintiff filed her complaint on June 6, 2016. Compl., ECF 2. She alleges federal jurisdiction based on diversity of citizenship and an amount in controversy in excess of $75,000. Id. at 2.

2- OPINION & ORDER

The complaint, including attachments, is 98 pages long. However, it does not contain any claims. Rather, Plaintiff includes 20 pages narrating the history of foreclosure proceedings on her home and over 75 pages of documents related to other cases involving Plaintiff and proceedings in seemingly unrelated cases. As for relief sought, Plaintiff seeks "a Restraining Order and Preliminary Injunction to enjoin Ocwen Loan Servicing, LLC and any other Entity or Person, from any attempt to seize Plaintiff's home in any manner, until the important issues in this Complaint can be fully Judged." Id. at 21. She also seeks "$800,000 in damages for emotional pain and suffering and loss of income. And any other relief that this Court shall deem just." Id.

I.   Rule 8

"The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" Walsh v. Nev. Dep't of Human Resources, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Id. (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "factual content that allows the court to draw the

3- OPINION & ORDER

reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

Plaintiff fails to assert any statement, much less a "short and plain statement," of her claims. Thus, the complaint fails to state a claim under Iqbal.

II.     Leave to Amend

The Court must decide whether to grant Plaintiff leave to amend her complaint. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); but see Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile"). Because Plaintiff is pro se and this is her first complaint in this action, the Court grants leave to amend.

However, the Court issues two warnings to Plaintiff as she contemplates amending her complaint. First, as Plaintiff herself notes, "Plaintiff has made several filings in Oregon State Court, Oregon Court of Appeals, Oregon Supreme Court[,] Federal Bankruptcy Court[,] and Federal District Court[.]" Compl. 14. In at least one of Plaintiff's cases in this District, Plaintiff was issued a "Pre-filing Review Order," in which it was ordered that all filings by Plaintiff shall be reviewed by this Court and ordered filed only if such filings are deemed not frivolous or repetitive. See Order, Rinegard-Guirma v. LaSalle Bank National Association et al., 3:14-cv-01499-MO (D. Or. October 2, 2014), ECF 15. While the Court allows Plaintiff to file an amended complaint, she must ensure that her filings are not frivolous or repetitive.

Second, to the extent the Court is able to understand Plaintiff's complaint, she appears to challenge the Oregon Supreme Court's "Order Denying Review" of the trial court's decision to enter a Judgment of Foreclosure following trial. Compl. 42. Assuming this is Plaintiff's intent,

4- OPINION & ORDER

the Court warns her that her effort will not succeed, because this Court may not adjudicate an action seeking to reverse or nullify a final state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) (explaining that the Rooker-Feldman doctrine bars a losing party in state court from filing suit in federal court after the state proceedings have ended, "complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment"). If Plaintiff submits an amended complaint, stating a claim that seeks to reverse or nullify the decision of the Oregon Supreme Court, this Court will be unable to exercise subject-matter jurisdiction over the case and, accordingly, will dismiss the case with prejudice.

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [1] is granted, but Plaintiff's complaint [2] is dismissed without prejudice. Any pending motions are denied as moot. If Plaintiff chooses to amend her complaint, she must do so within 30 days of the date below. The Clerk's Office shall withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this ___24___ day of _____June_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5- OPINION & ORDER