IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATACHE RINEGARD-GUIRMA,

          Plaintiff,

    v.

OCWEN LOAN SERVICING, LLC,

          Defendant.

No. 3:16-cv-01036-HZ

OPINION & ORDER OF DISMISSAL

Natache Rinegard-Guirma
5731 NE 10th Avenue
Portland, OR 97211

    Plaintiff Pro Se

Amber L. Labrecque
Houser & Allison APC
9600 SW Oak Street
Ste 570
Portland, OR 97223

    Attorney for Defendant

HERNÁNDEZ, District Judge:

Pro se Plaintiff Natache Rinegard-Guirma brings this action *in forma pauperis*[1] against Defendant Ocwen Loan Servicing, LLC. Because Plaintiff's complaint fails to state a claim on which relief may be granted, the Court *sua sponte* dismisses the complaint.

BACKGROUND

Plaintiff filed her original complaint in this action on June 6, 2016. Compl., ECF 2. Her complaint, despite being 98 pages long, did not contain any claims. Accordingly, the Court dismissed Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 8 and explained that Plaintiff failed to assert any statement, much less a "short and plain statement," of her claims. Op. & Order at 4 (June 24, 2016), ECF 8 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

In granting Plaintiff leave to amend, the Court issued two warnings:

First, as Plaintiff herself notes, "Plaintiff has made several filings in Oregon State Court, Oregon Court of Appeals, Oregon Supreme Court[,] Federal Bankruptcy Court[,] and Federal District Court[.]" Compl. 14. In at least one of Plaintiff's cases in this District, Plaintiff was issued a "Pre-filing Review Order," in which it was ordered that all filings by Plaintiff shall be reviewed by this Court and ordered filed only if such filings are deemed not frivolous or repetitive. See Order, Rinegard-Guirma v. LaSalle Bank National Association et al., 3:14-cv-01499-MO (D. Or. October 2, 2014), ECF 15. While the Court allows Plaintiff to file an amended complaint, she must ensure that her filings are not frivolous or repetitive.

Second, to the extent the Court is able to understand Plaintiff's complaint, she appears to challenge the Oregon Supreme Court's "Order Denying Review" of the trial court's decision to enter a Judgment of Foreclosure following trial. Compl. 42. Assuming this is Plaintiff's intent, the Court warns her that her effort will not succeed, because this Court may not adjudicate an action seeking to reverse or nullify a final state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) (explaining that the Rooker-Feldman doctrine bars a losing party in state court from filing suit in federal court after the state proceedings have ended, "complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment"). If Plaintiff submits an amended complaint, stating a claim that seeks to reverse or nullify the decision of the Oregon Supreme Court, this Court will be unable to exercise subject-matter jurisdiction over the case and, accordingly, will dismiss the case with prejudice.

---

[1] This Court granted Plaintiff's motion to proceed *in forma pauperis* on June 24, 2016. See Op. & Order (June 24, 2016), ECF 8.

2- OPINION & ORDER OF DISMISSAL

Id. On July 21, 2016, Plaintiff filed an amended complaint.

Plaintiff's amended complaint, to the extent the Court can understand it, centers around her dissatisfaction with a state court foreclosure trial that resulted in a Judgment of Foreclosure against Plaintiff. Am. Compl. 4-5, ECF 9. According to Plaintiff, "[t]he state court decision was based solely on the fact that U.S. Bank or servicer, at the time of the state court foreclosure trial, held Ms. Rinegard-Guirma's promissory note endorsed in blank, making it bearer paper that can be 'enforced by whomever finds it.'" Id.

In addition, Plaintiff contends that she had a case pending in this District in which she had obtained an injunction against "US Bank or servicer" and had requested that this Court not allow "US Bank or servicer to institute a judicial foreclosure action." Id. at 6. Nevertheless, Plaintiff's counsel stipulated to an agreement "that would purportedly allow US Bank or servicer to proceed with an Oregon State judicial foreclosure." Id. Plaintiff also claims that Defendant knowingly falsified documents and provided false testimony in the previous proceeding in this District. Id. at 7.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such
    relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d

1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

DISCUSSION

Plaintiff brings four claims against Defendant: "(1) Provide Plaintiff equal protection under the laws as provided for in the Fourteenth Amendment of the Federal Constitution; (2) Declare that the fraud perpetrated on this Court in 2010 has been continued by Defendant to this present day (2016); (3) Declare that Plaintiff's Note and Deed of Trust have been forever separated and that Plaintiff's Deed of Trust is VOID; and (4) Find the Defendant, Ocwen Loan Servicing, LLC liable by their acts and omissions for the continued wrongs that have grievously harmed Plaintiff and AWARD Plaintiff $800,000 in damages for emotional pain and suffering and loss of income." Am. Compl. 22, ECF 9.

I.     Equal Protection Claim under the Fourteenth Amendment

Plaintiff alleges that she was a "mere bystander" in the state court foreclosure trial and was not afforded "equal protection under the law" as required by the Fourteenth Amendment of the Federal Constitution. Am. Compl. 4. However, Plaintiff cannot bring an equal protection claim against Defendant. The Fourteenth Amendment protects against the infringement of

federal constitutional rights by states and persons or entities acting as states. Plaintiff fails to claim that Defendant acted as any state.

    II.       Fraud

Plaintiff alleges that Defendant "continued a fraud perpetrated on this Court" by falsifying documents and providing false testimony with the intent to deceive in a court proceeding. The Court is unclear whether Plaintiff is alleging that such fraud was committed in the state court judicial foreclosure proceeding or in the 2010 federal case in this District. Either way, she cannot state a claim. To the extent she alleges Defendant committed fraud in state court, that proceeding has already been adjudicated, culminating in an "Order Denying Review" issued by the Oregon Supreme Court. Compl. 42, ECF 2. This Court has already explained that it may not adjudicate an action seeking to reverse or nullify a final state court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005). If Plaintiff instead alleges that the fraud was committed in her 2010 case in this District, that case was dismissed with prejudice almost three years ago. Judgment, Rinegard-Guirma v. Bank of America, 3:10-cv-01065-PK (D. Or. Nov. 14, 2013), ECF 218. Any challenge to the admissibility of certain evidence in either the state or federal case cannot be raised here at this point.

    III.      Deed of Trust

Plaintiff seeks a declaration that her Note and Deed of Trust have been "forever separate" and that Plaintiff's Deed of Trust is void. As with her fraud claim, Plaintiff appears to be pursuing an issue from her 2010 federal case that was dismissed in 2013. See Rinegard-Guirma v. Bank of America, 3:10-cv-01065-PK. To reiterate—this Court is without authority to revisit issues that were previously decided in another district court case. To question rulings made in Plaintiff's prior case "would be to permit, in effect, a 'horizontal appeal' from one district court

to another." See Mullis v. U.S. Bankr. Ct., Dist. of Nev., 828 F.2d 1385, 1392–93 (9th Cir. 1987). "Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper." Id. (citing Brown v. Baden, 815 F.2d 575, 576–77 (9th Cir. 1987); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975); Tanner Motor Livery Ltd. v. Avis, Inc., 316 F.2d 804, 810 (9th Cir. 1963)); see also Baier v. Parker, 523 F. Supp. 288, 291 (M.D. La. 1981) (dismissing with prejudice an action for declaratory relief that essentially sought review of decisions rendered by another district court and a court of appeals).

IV.    Damages for emotional pain and suffering

Plaintiff's fourth claim asks the Court to award Plaintiff $800,000 in damages for emotional pain and suffering and loss of income due to Defendant's continued wrongs, presumably as alleged in Claims 1-3. Because this Court finds that Plaintiff fails to state a claim on Claims 1-3, it follows that she would not be entitled to any damages. Accordingly, this claim is dismissed as well.

V.    Leave to amend

Plaintiff has already been given the opportunity to amend her complaint in order to state a viable claim and has been unable, or unwilling, to do so. Her entire complaint appears to be based upon issues that she is precluded from litigating. Accordingly, the Court dismisses the case with prejudice. See, e.g., Bonilla v. Smelosky, 594 F. App'x 933, 934 (9th Cir. 2015) (affirming dismissal with prejudice when plaintiff's claims were precluded by prior state court action).


///


///


6- OPINION & ORDER OF DISMISSAL

CONCLUSION

Plaintiff's Amended Complaint [9] is dismissed with prejudice. In addition, her IFP status is revoked because any appeal of this Order would be frivolous and, thus, not be taken in good faith. See Fed. R. Civ. P. 24(a) and 28 U.S.C. § 1915 (a party may not proceed IFP on appeal if the district court certifies that the appeal is not taken in good faith); see also Matter of Hawaii Corp., 796 F.2d 1139, 1144 (9th Cir. 1986) (a frivolous appeal is one where the result is obvious or the arguments are wholly without merit). Any pending motions are denied as moot.

IT IS SO ORDERED.

Dated this _____10_____ day of _____August_____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

7- OPINION & ORDER OF DISMISSAL